### HOLSBERRY et al. v. CLARK.

(Circuit Court of Appeals, Fourth Circuit. May 17, 1917.)

No. 1497.

CONTRACTS ⊂⊃129(1)—VALIDITY—UNLAWFUL USE OF BANKRUPTCY PROCEEDING.

A contract whereby defendant was to pay plaintiffs the amount of their claim against an insolvent, in event that defendant, upon the institution of bankruptcy proceedings by plaintiffs, should be enabled to procure the assets of the insolvent at a sum sufficiently less than their value to cover defendant's unsecured claim, is unenforceable, and the court will leave the parties in the situation it finds them; such a contract, which provided for the selection of defendant's attorney as trustee and that of plaintiffs as attorney for the bankrupt's creditor, and contemplated a division of fees and commissions with plaintiffs, offering an opportunity to pervert the processes of the Bankruptcy Act.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 616, 619–621, 625–632.]

In Error to the District Court of the United States for the Northern District of West Virginia, at Philippi; Alston G. Dayton, Judge.

Action by F. A. Holsberry and H. L. Ewing, copartners trading as the Upshur Supply Company, against H. E. Clark. There was a judgment for defendant, and plaintiffs bring error. Affirmed.

W. B. Maxwell, of Elkins, W. Va. (E. L. Maxwell, of Elkins, W. Va., and H. Roy Waugh, of Buckhannon, W. Va., on the brief), for plaintiffs in error.

U. G. Young, of Buckhannon, W. Va. (Young & McWhorter and J. M. N. Downes, all of Buckhannon, W. Va., on the brief), for defendant in error.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before KNAPP and WOODS, Circuit Judges, and SMITH, District Judge.

SMITH, District Judge. The plaintiffs in error brought an action in the court below against the defendant in error, one of the counts in the declaration wherein, viz., the fifth count, was for the recovery of $7,000, for that a concern known as the Newell Bros. Lumber Company owning property to the value of $300,000 was insolvent, and among the creditors included the plaintiffs in error, to whom it owed about $7,000, and the defendant in error, to whom it owed about $110,-000, neither of which debts were in any way or manner secured, and that the defendant in error proposed to and agreed with the plaintiffs in error that, if they would devise a means whereby the defendant in error could secure the lumber plant and property of Newell Bros. Lumber Company at such a price as would save to the defendant in error his debt, then the defendant in error would pay to the plaintiffs the amount of the debt to them of $7,000; that accordingly the plaintiffs procured to be instituted and prosecuted by themselves, and other creditors associated with them, proceedings in bankruptcy whereunder the said Newell Bros. Lumber Company was adjudicated bankrupt, and all its property sold, and the defendant in error was enabled to purchase all this property at such price, less than the reasonable value thereof, as secured to him his large debt in that he was enabled to secure, for not exceeding $170,000, plant and property of the reasonable value of not less than $300,000 to $350,000, whereby the defendant under his promise and agreement was indebted to the plaintiffs for $7,000.

The action having gone to trial the plaintiffs introduced testimony to the effect that they had made an agreement with the defendant that if plaintiffs instituted suit to put Newell Bros. Lumber Company in bankruptcy as compensation for so doing defendant would reimburse plaintiffs or pay them the amount that Newell Bros. Lumber Company owed them provided the property of Newell Bros. Lumber Company should sell at less than $110,000; that one S. T. Spears, the attorney of the defendant Clark, was to be elected trustee in bankruptcy, and C. W. Maxwell, an attorney of plaintiffs, to be attorney for the bankrupt's creditors; and that the commissions of the trustee, Spears, and the fees of the attorney, Maxwell, were to be divided by them equally with the plaintiffs. The plaintiffs did associate other creditors with themselves and file proceedings in bankruptcy under which Newell Bros. Lumber Company was after a contest adjudicated bankrupt. Spears, the attorney of Clark, was appointed trustee and divided with, or at least paid a portion of his commissions to the plaintiffs. In order to procure Spears' appointment some arrangement was made with J. M. N. Downes (one of the defendant's attorneys in this cause), whereby Maxwell shared his fees with Downes and no part was paid to the plaintiffs. An appraisement of the property of the bankrupts, Newell Bros. Lumber Company, was had. The appraisement does not appear in the record. According to a statement in the brief of argument of counsel for appellants the appraisement was for about $85,-000. The defendant Clark proved a secured claim against the bank-

rupts for $95,550.05. This claim constituted a first lien on the property of the bankrupts, and had been purchased by Clark for $60,000 from one C. E. Specht, the original holder. Clark also submitted an application to the bankrupt court, setting out that the bankrupt owed him some $23,441.16 for which he was entitled to a lien on the lumber and lumber products at the mill of the bankrupt. What action was taken on this application does not appear in the record. The trustee in bankruptcy—Spears—reported to the court, recommending a sale of all the property of the bankrupt at the earliest possible date, and on the 21st of February thereafter the referee in bankruptcy directed a sale to be made by the trustee of all the property at public auction. At this sale the defendant Clark purchased all the property for $89,500.

At the trial the presiding judge, on motion of the defendant's counsel, excluded from the jury all of the testimony introduced under the fifth count to recover $7,000 and refused to allow the jury to consider it or return any verdict thereon. To this ruling of the court the plaintiffs in error duly excepted, and this writ of error was sued out to correct the judgment of the court below on this point.

Taking the testimony at the trial for the plaintiff, it shows a wide variance from the contract alleged in the declaration, and a contract of most uncertain character. The contract alleged in the declaration was one whereby, if by the institution of the bankruptcy proceedings the defendant was enabled to purchase the property of Newell Bros. Lumber Company at a price that would save him an unsecured debt of $110,000, he would pay plaintiffs' debt of $7,000; it being alleged that plaintiffs had executed this contract by enabling defendant to so acquire property for $170,000 which exceeded in value $300,000. The testimony showed an alleged agreement that, if the property sold at less than $100,000 or $110,000, then the defendant would pay plaintiffs' debt. The testimony also showed that the defendant had a comparatively inconsiderable unsecured debt to save, that he had a prior lien debt of over $98,000, and that he bought for $89,500, or less than his lien, property appraised according to the statement of plaintiffs' counsel at $85,000. The testimony thus fails to support the plaintiffs' allegations that the defendant was enabled to buy the property at a figure so much less than its value as would save him his unsecured claim. The court below does not seem to have ruled that the testimony varied too greatly from the allegations, or that the testimony was wholly insufficient to establish the alleged contract, but excluded all the testimony as much so as if the entire pleading on that point had been struck out as not stating any contract on which plaintiffs could recover. The assignments of error bring up the question whether the plaintiffs had the right to introduce any testimony to support their alleged cause of action.

Assuming that the gravamen of the charge in this fifth count is that the plaintiffs and defendant made an agreement whereby plaintiffs were through legal proceedings to have Newell Bros. Lumber Company adjudicated bankrupt, and then to work or contrive so as that the defendant should acquire the bankrupt property at less than its real value: Is that a contract based on a consideration which is enforceable in a court of law? The whole plan as alleged and testified to smacks

242 F.—53

of an agreement to so initiate and control the bankruptcy proceedings as to procure a result not contemplated or permitted by the Bankrupt Act (Act July 1, 1898, c. 541, 30 Stat. 544). The agreement that Spears, the attorney for Clark, was to be made trustee, and to divide his legal commissions with the plaintiffs, who were also to receive a part of the compensation to be allowed by the court to the attorney for the creditors, gives color to the transaction. If Spears was to use his position as trustee to further the acquisition by Clark of the bankrupt property at less than its value, the whole plan was still more questionable. The impression left by the testimony as a whole is that the agreement was that two creditors acting together should use the processes of the bankrupt law so as to compel the liquidation under circumstances that would enable one of them to acquire this property at less than its value to the consequent loss of the other creditors.

The contract seems one that a court of law should decline to give effect to, leaving the parties as they chose to place themselves. If the defendant Clark had paid the plaintiffs the amount claimed, and then brought an action to recover back on the ground that it was money paid without consideration under an illegal contract, the court would, under the general rule, decline to interfere, and it would be logical that conversely the court would not sanction a recovery by the defendant in the first instance. Inasmuch, however, as the testimony fails to show performance with the alleged contract, in that it fails to show that the defendant was enabled to purchase the property at a price so much beneath the value as would secure to the defendant his unsecured claim, the judgment below might well be affirmed on that ground. The bill of exceptions brings up the question not of the sufficiency of the evidence to support a verdict, but the right of the plaintiff to recover at all, even if the testimony introduced had supported the allegations of their declaration. The ruling of the learned judge below excluded the entire testimony, and practically refused to allow any testimony to be introduced for submission to the jury to sustain the allegations of the fifth count. This could only be on the theory that the fifth count, and the testimony attempted to be introduced in its support, presented no cause of action upon which the plaintiffs had a right to recover. We are of opinion that a contract for remuneration, based on the consideration that the proceedings and adjudication of the court of bankruptcy will be used by joint action for the purpose of enabling one party to the contract to procure the assets of the bankrupt at much less than their value, is not one that should be enforced in a court of justice. To do so would be to offer too great incentive to parties, by combination for that purpose, to warp and twist the objects sought to be obtained by the Bankruptcy Act from being effected, through a misuse of the process of the bankrupt court.

The judgment of the court below is accordingly affirmed.
Affirmed.